IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAYSON DAVID WING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 10-510-GPM |
| | ) |
| JENNIFER BRAYE and BOP RELIGIOUS | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jayson David Wing, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who currently is confined at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), brings this action for deprivations of his constitutional rights pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Wing's pro se complaint, on May 25, 2010, at approximately 6:34 p.m., Wing, who practices the Roman Catholic faith, went to the chapel at FCI Greenville, where there is a classroom that is used to give inmates religious instruction. Apparently Wing went to the classroom in the expectation that a class in Roman Catholic religious instruction was to be conducted there on the evening of May 25. When Wing arrived at the classroom, he found that it was in use by Muslim inmates. Wing did not wish to remain in the classroom while it was in use by Muslim inmates, but Defendant Jennifer Braye, a BOP employee, told Wing that he would either have to stay in the classroom or leave the chapel, as Wing could not loiter in the chapel. Wing refused either to go to the classroom or to leave the chapel. It appears that an altercation between Wing and Braye ensued

in which Wing finally had to be escorted out of the chapel by a guard. Wing contends that Braye's conduct in ordering him to leave the chapel is a violation of his First Amendment right of Free Exercise of his religion and seeks unspecified damages.

Generally speaking, a *Bivens* action is a private right of action for damages implied under the Constitution to remedy a deprivation of civil rights by persons acting under color of federal law. *See Bush v. Lucas*, 462 U.S. 367, 374 (1983) (citing *Bivens*, 403 U.S. at 388).[1] It is well settled, of course, that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Accordingly, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty." *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). Thus, a prison regulation that infringes on the constitutional rights of prisoners is valid only if "it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, "simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations" and "[a] detainee simply does not possess the full range of freedoms of an unincarcerated individual." *Bell*, 441 U.S. at 545-46. Said differently, a prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith," although "[i]n providing this opportunity, the efforts of prison

---

1. To the extent Wing attempts to assert a *Bivens* claim against Defendant BOP Religious Services, Inc., it seems very questionable whether any such action will lie. In general the *Bivens* remedy extends only to individual federal actors, and not to federal agencies or corporations acting under color of federal law. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Inasmuch as the Court finds that Wing's claim of a violation of his First Amendment rights is de minimis and not of constitutional dimension, as will be discussed presently, it is unnecessary for the Court to determine whether BOP Religious Services, Inc., is a proper party to this suit.

administrators, when assessed in their totality, must be evenhanded." *Al-Alamin v. Gramley*, 926 F.2d 680, 686-87 (7th Cir. 1991). "[W]hether the inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with Free Exercise. *Woods v. O'Leary*, 890 F.2d 883, 887 (7th Cir. 1989) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 352 (1987)).

Wing does not contend that FCI Greenville has regulations in place that unconstitutionally burden his Free Exercise rights, and therefore the Court need not inquire into whether the prison has valid penological reasons for such regulations. Rather, Wing contends that Braye's conduct in ordering him to leave the prison's chapel when he refused to go to the religious classroom burdened his Free Exercise rights. The Court concludes that, assuming for the sake of argument that any deprivation of religious freedom occurred in this case, it simply is not of constitutional dimension and cognizable in a *Bivens* action. A "plaintiff must show a 'substantial burden' on a 'central religious belief or practice' to prevail under the Free Exercise Clause[.]" *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005) (quoting *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989)). Correspondingly, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (a prison's failure to accommodate an inmate's religious diet at three meals out of 810 was a de minimis burden on the inmate's Free Exercise rights). "To show a free exercise violation, the religious adherent . . . has the obligation to prove that a governmental regulatory mechanism burdens the adherent's practice of his or her religion by pressuring him or her to commit an act forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates" and "[t]his interference must be more than an inconvenience[.]" *Graham v. C.I.R.*, 822 F.2d 844, 850-51

(9th Cir. 1987). Thus, the "occasional or sporadic" failure to accommodate an prisoner's religious needs does not violate the Constitution. *Hadi v. Horn*, 830 F.2d 779, 788 (7th Cir. 1987) (cancellation of religious services a half-dozen times over a five-year period when a prison's chapel was needed for recreational purposes did not violate prisoners' First Amendment rights). Here Wing contends that on one occasion he was ordered to leave the chapel at FCI Greenville, apparently at a time when no church services were going on. This is, to say the least, a de minimis burden on Wing's right of Free Exercise. Although Wing suggests darkly that his expulsion from the chapel on the evening of May 25, 2010, is part of a "pattern" of harassment of him by correctional personnel, his complaint contains no facts from which any such pattern can be inferred. Wing's complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Wing's complaint in this case fails to state a claim on which relief may be granted with respect to Wing's claim of violation of his First Amendment rights. Therefore, this action is **DISMISSED with prejudice**. Wing's motion for summary judgment (Doc. 11) is **DENIED as moot**. Wing is advised that the dismissal of this case will count as one of this three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: December 14, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge